UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHARRAM MOHAMMED ABDALLAH,<br>Petitioner,<br>v.<br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>Respondent. | No. 1:26-cv-07303-DAD-JDP<br><br><u>ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS;* GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL AND MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. Nos. 1, 2, 3, 4) |

On September 10, 2026, petitioner filed a *pro se* petition for writ of habeas corpus challenging his current detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On that same day, petitioner also filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for a temporary restraining order ("TRO") seeking his immediate release from custody (Doc. No. 3), and a motion for appointment of counsel. (Doc. No. 4.) The court issued an order setting a briefing schedule which directed respondent to indicate whether this case is substantively distinguishable from the circumstances addressed in several cited prior orders of the undersigned. (Doc. No. 7.) In that same order, the court informed the parties that if it determined that petitioner was entitled to the relief sought in the motion, then it would rule directly on the merits of the underlying petition. (*Id.*) The court further directed respondent to indicate whether

it opposed the court taking such action. (*Id.*) Respondent subsequently filed a response in opposition to the TRO motion on September 15, 2026, in which respondent asserts that the court should dismiss or deny petitioner's habeas petition. (Doc. No. 8.) On October 1, 2026, petitioner filed a reply in support of his TRO motion. (Doc. No. 9.)

The facts of the case are these. Petitioner is a citizen of Tanzania. (Doc. No. 1 at 1.) He entered the United States in June 2021 on a nonimmigrant visa which expired in June 2025. (Doc. No. 8-1 at 2.) Petitioner overstayed that visa and was detained by ICE on or about June 2, 2026, and remains in immigration detention. (Doc. No. 1 at 1.) Petitioner asserts that his due process rights were violated because he has not been given an individualized custody determination. (*Id.* at 3-5.) Respondent argues petitioner's current detention is lawful pursuant to 8 U.S.C. § 1226(a). (Doc. No. 8 at 1.) Further, respondent asserts petitioner has not exhausted his administrative remedies by requesting a bond hearing before an immigration judge ("IJ"). For the following reasons, the court rejects respondent's arguments because petitioner was entitled to, but was not given, an *initial* custody determination upon his detention.

In support of this conclusion, the court adopts its reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026), and finds that respondent's failure to detain petitioner in compliance with the procedures required by § 1226(a), the statute respondent concedes applies to petitioner's detention, requires his immediate release. In *Zurita Navarro,* 2026 WL 2294963, at *1, the undersigned set forth the procedures that due process requires be followed when a petitioner is detained pursuant to § 1226(a). Those procedures include a petitioner being provided with an i*nitial* custody determination by an immigration officer at which time a petitioner can demonstrate that his release would not pose a danger or flight risk. Those procedures were not followed here. Respondent notes that petitioner could now, *post-hoc*, request a bond hearing. (Doc. No. 8 at 2–3.) Nonetheless, there does not appear anything in the record to indicate that petitioner received the *pre*-detention hearing that due process required. That denial of due process protections alone compels the conclusion that petitioner is entitled to release. *See Zurita Navarro*, 2026 WL 2294963, at *2–3.

For the reasons stated above:

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner Muharram Mohammad Abdallah, A-File No.231-756-909, from respondent's custody on the conditions, if any he was subject to prior to his current detention that began on or about June 2, 2026;
   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);
3. Petitioner's motion for temporary restraining order (Doc. No. 3) and motion for appointment of counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting his petition for writ of habeas corpus on the merits;
4. The Clerk of the Court is directed to serve the warden of the Central Valley Annex with a copy of this order; and
5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **October 5, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE